O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESERT VALLEY HOSPITAL, INC., A CALIFORNIA CORPORATION DOING BUSINESS AS DESERT VALLEY HOSPITAL; <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC. <br><br> Defendant. | Case Nos. **EDCV 11-01584** VAP (OPx); EDCV 11-01585 VAP (OPx) <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br><br> **[Motions filed on December 28, 2011]** |

Plaintiffs Desert Valley Hospital, Inc. ("Desert Valley") and Veritas Health Services, Inc. ("Chino Valley"), to which the Court refers collectively as the "Hospitals," provided medical care for patients insured by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). To facilitate billing for their services, the Hospitals require patients to assign their health insurance benefits to the Hospitals; the Hospitals can then bill the patients' insurers directly. The Hospitals brought this suit against Wal-Mart, alleging that they treated

patients covered by Wal-Mart's Associates' Health and Welfare Plan ("Plan"), and though those patients assigned their health insurance benefits to the Hospitals, the Plan refused to pay the patients' bills in full. Wal-Mart filed Motions to Dismiss both lawsuits, arguing the Hospitals, as the patients' assignees, failed to exhaust the administrative appeals process set forth by the Plan, and therefore may not sue to recover on the alleged underpaid bills. The Court agrees with Wal-Mart, and for the reasons discussed below, GRANTS its Motions to Dismiss, WITHOUT PREJUDICE and VACATES the March 12, 2012, hearing on the Motions.[1]

## I. BACKGROUND

**A. Factual Background**

The facts of these cases are straightforward. Between December 15, 2008, and December 25, 2010, Desert Valley treated 15 patients covered by the Plan. (Ex. A to First Am. Compl. ("Desert Valley FAC") (Case No. 11-1584, Doc. No. 11).) Between November 3, 2007, and January 6, 2010, Chino Valley treated five such patients. (Ex. A to First Am. Compl. ("Chino Valley FAC") (Case No. 11-1585, Doc. No. 11).) Both of the Hospitals required each of those patients to execute an assignment of health insurance benefits, providing that the Hospitals could

---

[1] The parties in both cases waived oral argument. See L.R. 7-15.

seek payment of the patients' benefits directly from their insurers, and that in the event the patients' insurers underpaid the Hospitals, the patients would be liable for the underpayment themselves.  (See Desert Valley FAC ¶ 15; Chino Valley FAC ¶ 15.)  The Hospitals contend they submitted bills to the Plan for their treatment of these 20 patients, but the Plan did not pay the full amount charged.  Notwithstanding the language in the assignment of benefits (that the patients would be liable for the shortfall), the Hospitals filed suit against the Plan to recover the difference between the amount charged and the amount paid.

**B.  Procedural History**

On August 24, 2011, Chino Valley filed an action against Wal-Mart in the California Superior Court for the County of San Bernardino, seeking relief in quantum meruit and for money due.  (See Ex. 1 to Not. of Removal (Case No. 11-1585, Doc. No. 1).)  On August 25, 2011, Desert Valley filed an action against Wal-Mart in the California Superior Court for the County of San Bernardino, raising the same claims.  (See Ex. 1 to Not. of Removal (Case No. 11-1584, Doc. No. 1).)  On October 4, Wal-Mart removed both cases to this Court, because the Hospitals' state law claims were claims for benefits made against an employee welfare benefit plan, see 29 U.S.C. § 1002(1), were therefore preempted by the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., and thus fall within this Court's original jurisdiction, see 29 U.S.C. § 1132(e).

On November 7, Chino Valley filed a First Amended Complaint in this Court; Desert Valley's First Amended Complaint followed on November 10.  Both sets of amended pleadings assert a single claim, under 29 U.S.C. § 1132(a)(1)(B), "to recover benefits due to [them] under the terms of [the Plan], to enforce [their] rights under the terms of the [P]lan, or to clarify [their] rights to future benefits under the terms of the [P]lan . . . ." 29 U.S.C. § 1132(a)(1)(B).

On December 28, 2011, Wal-Mart filed Motions to Dismiss in both cases (Doc. No. 18), arguing the Hospitals failed to exhaust the Plan's administrative remedies before bringing suit – a dispositive error.  The parties stipulated to a hearing date of March 12, 2012, for both Motions.  On January 23, 2012, the Hospitals filed Oppositions (Case No. 11-1584, Doc. No. 20; Case No. 11-1585, Doc. No. 21) in which they contend:  (1) they alleged exhaustion, or an exception to exhaustion, sufficiently to survive the Motions to Dismiss; and (2) they provided adequate evidence of exhaustion, beyond the allegations in their pleadings.  Wal-Mart filed timely

Replies. (See Case No. 11-1584, Doc. No. 22; Case No. 11-1585, Doc. No. 23.)

## II. LEGAL STANDARD

When, as is the case here, exhaustion of administrative remedies is not a prerequisite to establishing a court's subject-matter jurisdiction, but instead a prudential consideration, a motion to dismiss on the basis of a plaintiff's failure to exhaust is an "unenumerated" motion to dismiss. Payne v. Peninsula Sch. Dist., 653 F.3d 863, 881 (9th Cir. 2011) (en banc). As failure to exhaust is an affirmative defense, the defendant bringing such a motion bears the burden of proving the plaintiff failed to exhaust his or her remedies. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense"); Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1284 (9th Cir. 1993) ("In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense."). In meeting that burden, the defendant may rely on, and a court may consider, evidence beyond the pleadings. Payne, 653 F.3d at 881 (quoting Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)). Although the burden of proving exhaustion remains ultimately with the defendant, after the defendant has made a showing of the plaintiff's failure to exhaust, the plaintiff bears the burden of showing either exhaustion or an exception to the rule that exhaustion of administrative remedies is required.

See Sarei v. Rio Tinto, PLC, 550 F.3d 822, 831-32 (9th Cir. 2008) (discussing the framework for evaluating exhaustion under the Alien Tort Statute).

If the court determines a plaintiff failed to exhaust his or her administrative remedies as to a particular claim, the proper course of action is to dismiss that claim without prejudice. City of Oakland v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009).

### III. DISCUSSION

The Court begins by setting forth two controlling principles, which are not in dispute. First, it is undisputed that the Hospitals' patients could assign their Plan benefits to the Hospitals, Misic v. Bldg. Serv. Emps. Health & Welfare Trust, 789 F.2d 1374, 1377 (9th Cir. 1986) (per curiam), as long as the Plan lacked a valid clause forbidding its members from making such assignments, Davidowitz v. Delta Dental Plan of Cal., Inc., 946 F.2d 1476, 1481 (9th Cir. 1991). Wal-Mart does not argue that the Plan forbade members from assigning their benefits; the Hospitals may therefore stand in the shoes of their patients – the Plan's members – and are entitled to recover benefits otherwise payable to the patients under the Plan. Misic, 789 F.2d at 1378.

Second, it is undisputed that because the Plan falls within ERISA's ambit, a party suing to recover benefits under the Plan must first exhaust any of the Plan's administrative remedies. <u>Vaught v. Scottsdale Healthcare Corp. Health Plan</u>, 546 F.3d 620, 626 (9th Cir. 2008). Moreover, such a party must pursue the Plan's administrative remedies in the time allotted by the Plan, and upon exhaustion of those remedies, may be further required by the Plan to bring suit within a certain period of time, <u>Withrow v. Halsey</u>, 655 F.3d 1032, 1038-39 (9th Cir. 2011).

Since the Hospitals stepped into their patients' shoes, they are required – as their patients otherwise would have been – to exhaust any administrative remedies prescribed in the Plan before bringing suit to recover benefits. Wal-Mart submitted two declarations (one in each case) from Tara Folck-Goates, a Plan employee, who reviewed the Hospitals' claims against the Plan and found that administrative appeals had been submitted for only two of Desert Valley's patients (<u>see</u> Case No. 11-1584, Doc. No. 18-1) and for only one of Chino Valley's patients (<u>see</u> Case No. 11-1585, Doc. No. 18-1).[2] Wal-Mart argues the Hospitals therefore failed to exhaust administrative remedies as to every other claim for

---

[2] The Court OVERRULES the Hospitals' objections to each of Ms. Folck-Goates declarations.

7

benefits underlying this lawsuit.  Further, because the Plan allows a member 180 days to file a lawsuit based on the unfavorable resolution of an appeal, Wal-Mart contends the Hospitals are now time-barred from seeking relief as to even those Plan members on whose behalf an appeal was filed.

In response, the Hospitals contend they alleged exhaustion sufficiently, and alternately, that they alleged an exception to the requirement they exhaust the Plan's administrative remedies (<u>i.e.</u>, that attempting to invoke those remedies would prove futile).  The relevant allegation is as follows:

> Chino Valley Medical Center has exhausted all administrative remedies available to it, and/or further administrative efforts would be futile and meaningless.  Defendant has routinely failed to process claims submitted by Chino Valley Medical Center in a manner consistent with ERISA regulations.  Among other things, as alleged above, Defendant has refused to provide sufficient explanation concerning their benefits determinations, including information concerning the flawed system in which it relied on including those systems utilized by Blue Cross; defendant has employed policies designed to unduly inhibit and hamper the appeal of claims submitted by Chino Valley Medical Center; including through their systematic reliance on flawed data; and Defendants has refused Chino Valley Medical Center's efforts to become sufficiently acquainted with the terms of the ERISA plan, as well as Defendant's true method of determining UCR, thereby rendering the administrative appeal a futile and meaningless endeavor.

(Chino Valley FAC ¶ 49) (errors in original).

Previously, Chino Valley made almost exactly the same allegation against a different group of defendants, and this Court found it insufficient to grant Chino Valley an exception to the administrative exhaustion rule. Minute Order, Veritas Health Servs. v. Blue Cross-Blue Shield of Ala., No. EDCV 10-1696 VAP (OPx) (C.D. Cal. Oct. 7, 2011). The result is no different this time around; the allegation in paragraph 49 of each of the Hospitals' First Amended Complaints is insufficient, because "bare assertions of futility are insufficient to bring a claim within the futility exception, which is designed to avoid the need to pursue an administrative review that is demonstrably doomed to fail," Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust, 50 F.3d 1478, 1485 (9th Cir. 1995).

Aside from making an ineffective allegation that they are excused from the Plan's exhaustion requirement, the Hospitals also submitted declarations in both cases from Jeanne Rowlette, the person responsible for patient accounts at both Hospitals. Rowlette declares that Desert Valley appealed claims submitted for the treatment of 16 Plan members,[3] and Chino Valley appealed claims submitted for the treatment of five members. (See Case

---

[3] Curiously, the Court counts only 15 patients' claims in Desert Valley's First Amended Complaint. (See Ex. A to Desert Valley FAC).

9

No. 11-1584, Doc. No. 20-1; Case No. 11-1585, Doc. No. 21-1.)

In response, Wal-Mart submitted the declarations of Judy Blevins, an employee of Arkansas Blue Cross and Blue Shield ("ABCBS"), the third party charged with administering the Plan. Blevins declares that since 2009, ABCBS has been the sole administrator responsible for benefits claims against the Plan in California, and since 2010, the sole administrator responsible for benefits claims nationwide. Blevins states she reviewed four of the five claims Chino Valley alleges it appealed, and found that only one claim had actually been appealed (that appeal was granted). (See Case No. 11-1585, Doc. No. 23-1.) Likewise, she reviewed nine of the claims Desert Valley allegedly appealed, and found no record of any appeal. (See Case No. 11-1584, Doc. No. 22-1.)

At first glance, the filing of dueling declarations renders these cases unsuitable for summary disposition on the record before the Court. On further review, however, the Hospitals face an intractable problem: assuming the truth of Rowlette's declarations – there is no reason to doubt it – although both Hospitals may have attempted to appeal the underpaid claims for benefits, neither Desert Valley nor Chino Valley followed the procedure for appealing any claim properly.

10

The Plan documents governing the appeal process require a Plan member to send an appeal, in writing, to the correct address (Medical/Pharmacy Appeals, Wal-Mart Benefits Department, Attn: Appeals, 922 West Walnut, Ste. A, Rogers, AR 72756-3540) within 365 days of the initial denial of benefits.[4] Here, for those appeals that Rowlette states were submitted – and for which she gives a date certain for submission – none are said to have been sent in writing to the correct address. For example, as to one of the benefits claims, "following underpayment of claims on or about April 14, 2011," Desert Valley appealed to Anthem (another insurer), for "[t]he reason that . . . [Anthem] provided the initial underpayment on behalf of [Wal-Mart]."[5] (Case No. 11-1584, Doc. No. 20-1 ¶ 4.) No matter the name of the entity on the insufficiently remunerative check, the process for appealing a denial of benefits is set forth

---

[4] The Court is permitted to consider these materials, attached as exhibits to each of the Folck-Goates declarations, as incorporated in the pleadings, because the Hospitals' claim for benefits under the Plan relies inherently on the Plan's terms. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("The doctrine of incorporation by reference may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan.").

[5] The Court observes in materials attached to the Hospitals' First Amended Complaints, the Hospitals generally identify ABCBS (the Plan's third-party administrator) as the Plan members' insurer, notwithstanding confusion arising from variations in the name of the entity that allegedly paid Plan members' claims. (See Ex. A to Desert Valley FAC; Ex. A to Chino Valley FAC.)

in the Plan documents in certain terms: appeals must be made in writing to the Wal-Mart Benefits Department, not to Anthem or any other entity. The Hospitals are not relieved of this requirement simply because they were unaware of it; they stepped into their patients' shoes, and are therefore subject to the same rules as are their patients (in this case, the same defenses under the Plan). See generally Restatement (Second) of Contracts § 336.

To sum up, Wal-Mart met its burden in proving the Hospitals failed to exhaust the Plan's administrative remedies effectively; the Hospitals' evidence in rebuttal was insufficient because it demonstrated that they failed to follow the Plan's appeal procedure properly. The Court therefore finds the Hospitals failed to exhaust their administrative remedies, and DISMISSES their First Amended Complaints WITHOUT PREJUDICE.

### IV. CONCLUSION

For the foregoing reasons, the Court DISMISSES WITHOUT PREJUDICE the Hospitals' First Amended Complaints, and VACATES the March 12, 2012, hearing on Wal-Mart's Motions to Dismiss.

Dated: March 9, 2012

VIRGINIA A. PHILLIPS
United States District Judge